[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] THIRD AMENDED MEMORANDUM OF DECISION[1]
The plaintiff wife 34, whose birth name is Anderson, and the defendant husband, 44, married on September 23, 1995 in Sausalito, California. The defendant has resided continuously in Connecticut for over one year prior to the filing of the plaintiff's complaint for dissolution of the marriage and other relief thereby furnishing this court with jurisdiction. No child has been born to the plaintiff since the marriage. On December 17, 1998, the court found that the marriage had broken down irretrievably and judgment was entered dissolving the marriage. The court reserved decision on the financial orders.
Both parties are college graduates with the defendant having also obtained a MBA. Both parties enjoy good health. Currently, the plaintiff is employed part time by a restaurant located in San Francisco, California, earing a weekly net of $380.00. She has no other income. The defendant is currently employed by Hyperion Software Operations, Inc., in Stamford, Connecticut as Vice President of Planning and Corporate Development. He was hired via a written employment contract dated April 8, 1997, (Plaintiff's Exhibit #3). Currently, his net weekly income is $2,418.00 after mandatory deductions.
At the time of the marriage the defendant was employed in California, a position from which he was severed shortly thereafter, prompting him to sell the home. After coming to Connecticut, the parties purchased a home in New Canaan, paying for it with the defendant's money. Both parties state on their financial affidavits that the home located at 72 Sunrise Avenue has a fair market value of $525,000.00. It is encumbered by a mortgage of $400,000.00. The defendant has paid the mortgage as well as related housing expenses.
The plaintiff's remaining assets consist of a 1998 Audi valued at $25,000 and bank accounts totaling $2,200.00. The plaintiff brought some artwork and her car to the marriage.
The defendant's remaining assets consist of a 1993 Jeep Cherokee valued by him at $6,000, a bank account of $900, stocks, bonds and stock options totaling $189,803, and deferred compensation of $165,498.00. CT Page 3761
Neither party assigns any value to the contents of the marital home, much of which has been removed by the plaintiff.
During the marriage the plaintiff was employed by Novell for four months in corporate marketing earning an annual salary of $37,000.00. She left the position because she didn't like the work. Suffice to say that the plaintiff has had a checkered work history.
In June, 1998, the plaintiff decided the marriage was not working at which time she moved to California. Although the plaintiff has been seeing a psychologist weekly, the court is not convinced that the need for same is due to her perceived marriage problems. The plaintiff has been living in an apartment owned by her parents who have also loaned or given her money for living expenses. Having reviewed the evidence, the court must conclude that the plaintiff's conduct is the primary cause of the marriage breaking down.
In applying the statutory criteria and relevant case law to the evidence, the court enters the following orders as part of the final judgment.
1. The defendant shall pay the sum of $400 weekly to the plaintiff as periodic alimony for a non-modifiable period under all circumstances for 130 weeks unless sooner terminated by the death of either party, the plaintiff's remarriage or future court order. The provisions of § 46b-86 (b) apply to this order. A contingent wage withholding order is entered. Although the term stated is non-modifiable the amount is not.
2. The plaintiff shall retain the Audi as her sole property as well as any tangible items heretofore removed from the marital home and moved to California.
3. The defendant is awarded the real estate known as 72 Sunrise Avenue, New Canaan, Connecticut. If a properly executed quit-claim deed containing a mortgage assumption clause is not tendered by plaintiff in thirty days, the transfer shall be completed by statute.
4. The plaintiff is awarded a lump sum alimony payment of $25,000 payable in 60 days.
5. The plaintiff is awarded an allowance to prosecute of CT Page 3762 $10,000 payable in 90 days.
6. Each party shall retain the assets as now owned and possessed except as ordered supra.
7. Each party shall be solely responsible for the liabilities each has listed or incurred.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.